IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KIMBERLY A. ROBERTSON                                              PLAINTIFF

V.                            CASE NO. 4:20-CV-469-BRW-BD

ANDREW SAUL, Commissioner,
Social Security Administration                                     DEFENDANT

RECOMMENDED DISPOSITION

This Recommendation has been sent to Judge Billy Roy Wilson. Any party may

file objections if they disagree with the findings or conclusions set out in this

Recommendation. Objections should be specific and should include the factual or legal

basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file

objections, they risk waiving the right to appeal question of fact. And, if no objections are

filed, Judge Wilson can adopt this Recommendation without independently reviewing the

record.

I.  Introduction:

On January 2, 2018, Kimberly A. Robertson applied for disability benefits, alleging

disability beginning on June 1, 2015. (Tr. at 11) Her claims were denied both initially and

upon reconsideration. *Id.* After conducting a hearing, the Administrative Law Judge

(ALJ) denied Ms. Robertson's application. (Tr. at 23) She requested that the Appeals

Council review the ALJ's decision, but that request was denied. (Tr. at 1) Therefore, the

ALJ's decision now stands as the final decision of the Commissioner. Ms. Robertson filed this case seeking judicial review of the decision denying her benefits.

## II.  <u>The Commissioner's Decision</u>:

The ALJ found that Ms. Robertson had not engaged in substantial gainful activity since the alleged onset date of June 1, 2015. (Tr. at 14) At step two of the five-step analysis, the ALJ found that Ms. Robertson had the following severe impairments: chronic obstructive pulmonary disease, mild cervical lymphadenopathy, chronic pain syndrome, chondromalacia in the right knee, degenerative disc disease of the cervical and lumbar spines, moderate dextroscoliosis of the thoracic spine, obesity, depression, and anxiety. *Id.*

After finding that Ms. Robertson's impairments did not meet or equal a listed impairment (Tr. at 15), the ALJ determined that she had the residual functional capacity (RFC) to perform work at the sedentary exertional level, with some additional limitations: (1) she could have no exposure to extreme heat, and no concentrated exposure to dust, fumes, and other pulmonary irritants; and (2) she was limited to semi-skilled work with only superficial interpersonal contact. (Tr. at 16)

The ALJ found, at step four, that Ms. Robertson was able to perform her past relevant work as a customer service representative. (Tr. at 21) Relying on the testimony of a Vocational Expert (VE), the ALJ found, considering Ms. Robertson's age, education, work experience and RFC, that jobs existed in significant numbers in the national economy that she could perform, including work as call out operator, document preparer,

2

and addresser. (Tr. at 23) Thus, the ALJ held that Ms. Robertson was not disabled. *Id.*

### III.   <u>Discussion</u>:

A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and assure that the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). Stated another way, the decision must rest on enough evidence that "a reasonable mind would find it adequate to support [the] conclusion." *Halverson*, 600 F.3d at 929. The Court will not reverse the decision, however, solely because there is evidence to support a conclusion different from that reached by the Commissioner. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

B.   Ms. Robertson's Arguments on Appeal

Ms. Robertson maintains that the evidence supporting the ALJ's decision is less than substantial. Specifically, she argues: (1) the ALJ failed to fully develop the record; (2) the ALJ should have found fibromyalgia and a thyroid condition to be severe impairments at step two; (3) the ALJ did not properly evaluate her subjective complaints; and (4) the ALJ erred in her RFC determination. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Ms. Robertson had thyroid cancer, which required a thyroidectomy in 2015. (Tr. at 550). Thereafter, her complaints related to her thyroid problem, including fatigue,

improved. *Id*. A follow-up total body iodine scan found no pattern of functioning, peripheral metastasis. (Tr. at 473, 550). Ms. Robertson was treated conservatively with medication management. (Tr. at 550, 950, 1014, 1067). No doctor identified any functional restrictions related to her thyroid. For this reason, the ALJ did not err in finding that Ms. Robertson's thyroid condition was non-severe.

Likewise, Ms. Robertson has not shown that fibromyalgia was a severe impairment. The claimant has the burden of proving that an impairment is severe, which by definition significantly limits one or more basic work activities. *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006). While she alleged all-over body pain, hydrocodone and ibuprofen mitigated her pain, as did chiropractic care. (Tr. at 748, 791, 1314). She denied muscle weakness. (Tr. at 1314)

When Ms. Robertson visited a doctor in 2019 about chronic pain, he diagnosed chronic pain syndrome rather than fibromyalgia and suggested strengthening exercises. (Tr. at 1320-1324) A physician's recommendation to exercise suggests that a claimant has an increased functional capacity. See *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009). Ms. Robertson's symptoms were inconsistent with PMR (polymyalgia rheumatica). (Tr. at 1320–1321) Again, no doctor placed any restrictions on Ms. Robertson based upon fibromyalgia. The ALJ did not err at step two.

Ms. Robertson also argued that by failing to allow witnesses to testify at the hearing, and by failing to order consultative examinations, the ALJ committed reversible

error. An ALJ does have a basic duty to develop a reasonably complete record. *Clark v. Shalala*, 28 F.3d 828, 830–31 (8th Cir. 1994). Even so, the claimant has the burden of proving her disability; the ALJ is not required to act as counsel for the claimant. *Id*. Furthermore, an ALJ is required to recontact a treating or consulting physician or to order further testing only if the medical records presented do not provide sufficient evidence to make a decision on disability. *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2011). Absent unfairness or prejudice, reversal for failure to develop the record is not warranted. *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995).

Ms. Robertson's argument here fails on two counts. First, her attorney agreed with the ALJ that she did not need any witness testimony at the hearing. (Tr. at 68). Second, the medical record is over 1000 pages long, and it consists of reviewing medical consultant opinions, a myriad of objective testing results, descriptions of Ms. Robertson's pain and treatment, and diagnoses by medical doctors. The voluminous record was internally consistent. There were no major gaps or conflicts in the evidence.

Ms. Robertson contends that the ALJ should have ordered further examinations because she did not give great weight to the reviewing medical expert opinions. The ALJ is the judge of medical opinions, and just because she did not give full weight to some of the opinions, it does not mean she is required to obtain more. The interpretation of a physician's findings is a factual matter left to the ALJ. See *Mabry v. Colvin*, 815 F.3d 386, 391 (8th Cir. 2016). Here, the ALJ based her decision on a fully developed record.

Next, Ms. Robertson argues that the ALJ did not properly evaluate her subjective complaints. When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. See *Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). An ALJ need not explicitly discuss each factor, and she may decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony. *Id*.

The ALJ discussed the nature and location of Ms. Robertson's pain; her attorney asked detailed questions about pain at the hearing. (Tr. at 42–45) The ALJ cited Ms. Robertson's conservative treatment and positive response to medications, as well as her failure to follow doctor's recommendations to continue counseling and undergo lumbar epidural steroid injections or a myelogram. (Tr. at 14–19, 484, 926–928) The ALJ mentioned Ms. Robertson's daily activities, and she discussed objective testing results. (Tr. at 13–20) As noted, no doctor placed any functional restrictions on Ms. Robertson's activities, which is a relevant factor in analyzing subjective complaints. The ALJ assigned an RFC for sedentary work, rather than the light category that the reviewing medical experts suggested, indicating that she believed many of Ms. Robertson's

subjective complaints. This was a reasonable assessment of Ms. Robertson's subjective complaints.

Finally, Ms. Robertson argues that the RFC did not fully incorporate her mental limitations. A claimant's RFC represents the most she can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). The RFC was for semi-skilled work with superficial interpersonal contact, which indicates that mental impairments were not significantly limiting. (Tr. at 16) Ms. Robertson dropped out of counseling that she began in 2018.[1] (Tr. at 930) She reported that medication helped with her anxiety and depression; and she had fewer panic attacks with treatment. (Tr. at 744–748) From what she reported to her provider, Mr. Robertson's stress level increased when she assumed care for her nieces. (Tr. at 669) Situational stressors are not a basis for a disability finding. *Dunahoo v. Apfel*, 241 F.3d 1033, 1037 (8th Cir. 2001).

Ms. Robertson made a tangential argument that the ALJ's determination at step four was unsupported. Even if the ALJ erred in finding that Ms. Robertson could return to her past relevant work, this error was harmless. The ALJ proceeded to step five of the analysis; and at that step, the VE identified a variety of jobs Ms. Robertson could perform even with her limitations. (Tr. at 23)

---

[1]She did return to counseling two months later but did not require more than conservative treatment.

**IV.    <u>Conclusion</u>:**

Substantial evidence supports the Commissioner's decision that Ms. Robertson was not disabled. The ALJ did not err at step two; the record was fully developed; the ALJ properly evaluated subjective complaints; and the RFC is well-supported. The decision, therefore, should be affirmed, and judgment should be entered for the Commissioner.

DATED this 26th day of February, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

8